**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CESAR ADOLFO ROCHA MORENO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | CIVIL NO. 4:16-CV-0714 |
| v. | § | |
| | § | Judge Kenneth M. Hoyt |
| SHERIFF RONALD HICKMAN, | § | |
| | § | |
| *Respondent*. | § | |


**PETITIONER'S BRIEF IN RESPONSE TO RESPONDENT'S MOTION TO DISMISS, OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**


Respectfully submitted this 20th day of October, 2016.


      __/s/  John M. Bray_____
John M. Bray
Texas Bar No. 24081360
OOSTERHOF & BRAY, PLLC
1910 Pacific Ave., Suite 13600
Dallas, Texas 75201
Tel: (214) 550-4664
Fax: (214) 550-4654
Email: john@oblawfirm.com

ATTORNEY FOR CESAR ROCHA

## TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.       Summary of Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.      Defendants' Assertion That Petition Be Dismissed Under Rule 12(b)(1) Is Without

         Merit, As this Court Clearly Has Subject Matter Jurisdiction Over This Matter . . . . . . 1

         A.  Rocha Remains In Respondent's Constructive Custody. . . . . . . . . . . . . . . . . . . . . 1

         B.  Rocha's Petition Was Timely Under the AEDPA . . . . . . . . . . . . . . . . . . . . . . . . . 3

         C.  Rocha's Petition Satisfies the Exhaustion Doctrine . . . . . . . . . . . . . . . . . . . . . . . . 3

III.     Summary Judgment Is Inappropriate, Because Respondent's Rule 56 Motion Is

         Inapposite to Rocha's Claim That the State Court's Clearly Erroneous Conclusions of

         Law Unreasonably Applied Clearly Established Federal Law . . . . . . . . . . . . . . . . . . . 7

         A.  Trial Court Failed to Make Finding of Fact as to Rocha's Window and Instead

             Deemed Reasonable Suspicion Existed Due to Rocha's Presence in High-Crime

             Area . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         B.  First Court of Appeals Substituted Its Findings of Fact for Those of the Trial

             Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

         C.  Federal Fourth Amendment Jurisprudence Holds that Mere Presence in a High-

             Crime Area Is Insufficient to Give Rise to Reasonable Suspicion . . . . . . . . . . . . 11

         D.  Rocha's Has Rebutted State Court's Factual Findings As Clearly Erroneous, So

             Respondent's Rule 56 Motion for Summary Judgment Should Be Denied . . . . . . 15

IV.      Dismissal of Rocha's § 2254 Claim Is Improper, Because Rocha's Claim Challenges

         Trial Court's Conclusions of Law on Rocha's Fourth Amendment Violations. . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

*Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Anderson v. Harless*, 459 U.S. 4 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Brown v. Texas*, 443 U.S. 47 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 - 14

*Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed. Appx. 605 (6th Cir. 2013) . . . . . . . . . . . . . . . 4

*Fisher v. Texas*, 169 F.3d 295 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Foreman v. Dretke*, 383 F.3d 336 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Illinois v. Wardlow*, 528 U.S. 119 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Jennings v. Stephens*, 537 Fed. Appx. 326 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. Cuningham*, 371 U.S. 236 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Nickelson v. Stephens*, 803 F.3d 748 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ohio v. Robinette*, 519 U.S. 33 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Padilla v. Kentucky*, 559 U.S. 356 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Powell v. State*, 898 S.W.2d 821 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Robinson v. State*, 466 S.W.3d 166 (Tex.Cr.App. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

*Smith v. Cockrell*, 311 F.3d 661 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449 (6th Cir. 1979) . . . . . . . . . . . . . . . . . . . 2

*Terry v. Ohio*, 392 U.S. 1 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States* v. *Brignoni-Ponce*, 422 U.S. 873 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*West v. Allen*, 868 F. Supp. 2d 1224 (N.D. Ala. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### <u>Texas Cases</u>

*Balentine v. State*, 71 S.W.3d 763 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beal v. State*, 91 S.W.3d 794 (Tex.Cr.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gurrola v. State*, 877 S.W.2d 300 (Tex.Crim.App.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jones v. State*, 711 S.W.2d 634 (Tex.Cr.App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rocha v. State*, 464 S.W.3d 410 (Tex.Cr.App. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Cesar Rocha (hereinafter "Petitioner" or "Rocha"), by and through his attorney of record John M. Bray, and hereby responds to Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment, filed on September 8, 2016.

## I.      Summary of Arguments

This Court has subject matter jurisdiction, because Rocha is "legally" in Respondent's constructive custody under both federal and Texas law, and because Rocha's federal petition under 28 U.S.C. § 2254 is timely, as it was filed within one year of the date on which Rocha's Texas conviction became final on October 2, 2015.

Additionally, Respondent's Motion for Summary Judgment under Fed.R.Civ.P Rule 56(c) is inapposite to Rocha's claims, which focus on the state trial court's clearly erroneous conclusions of law that involved an unreasonable application of clearly established federal precedent, namely, Fourth Amendment jurisprudence. Finally, Rocha has indeed stated a claim upon which relief can be granted, as his § 2254 petition raises a right to relief that is plausible and not merely speculative. Therefore, this Court should allow Rocha's § 2254 federal habeas petition to proceed on the merits.

## II.     Defendants' Assertion That Petition Be Dismissed Under Rule 12(b)(1) Is Without Merit, As this Court Clearly Has Subject Matter Jurisdiction Over This Matter

### A.  Rocha Remains In Respondent's Constructive Custody

Firstly, Rocha is "legally" in Respondent's constructive custody, and explain what constructive custody includes under both federal and Texas law. *See*, *e.g.*, *Jones v. Cuningham*, 371 U.S. 236 (1963) ("[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute . . . .").

Additionally, Respondent fails to point to any evidence that would substantiate its position that Rocha's sentence is fully satisfied and is not subject to review. Yet, precedent to the contrary abounds, holding that whenever a defendant who are not in custody files a § 2254 petition to attack his conviction, such as where immigration consequences result from the conviction, the defendant may still obtain review of his conviction. *See generally Padilla v. Kentucky*, 559 U.S. 356, 359-60 (2010) (permitted non-citizen defendant to obtain federal review of his Kentucky conviction for drug possession where deportation was inevitable consequence that imposed restraint on defendant);

Similarly, various federal courts have noted that the Supreme Court has liberally interpreted the custody requirement, concluding that that "[i]t is enough that the imprisoning sovereign is the respondent's agent; that his liberty is restrained by the respondent's parole conditions; or that he can point to some continuing collateral disability which is the result of the respondent's action." *See*, *e.g.*, *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28 (D.D.C. 2004) (petitioner's custody must be result of respondent's action for which he seeks habeas relief), *quoting Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449, 453 (6th Cir. 1979). In this regard, Mr. Rocha would assert that the eventuality of his deportation is a clear consequence of this conviction—which was for misdemeanor drug possession—that Rocha particularly seeks to avoid. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (violation of any state or federal law relating to controlled substance constitutes ground of deportability under federal immigration law).

Because deportation is at least one central reason why he is requesting federal review, and because the inevitability of deportation is a consequence of the Texas conviction he seeks to challenge with his § 2254 petition, this Court should conclude that Rocha is legally in Respondent's custody.

### B.   Rocha's Petition Was Timely Under the AEDPA

Secondly, Rocha's federal petition under 28 U.S.C. § 2254 is timely, because it was filed within one year of the date on which Rocha's Texas conviction became final. When a criminal conviction becomes final is an issue of Texas criminal procedural law, and an appealed Texas conviction does not become final until the mandate has been issued. *See Beal v. State*, 91 S.W.3d 794, 796 (Tex.Cr.App. 2002) (an appealed Texas conviction becomes final when the appellate courts issues mandate, affirming the conviction); *see also Jones v. State*, 711 S.W.2d 634, 636 (Tex.Cr.App. 1986) (appealed conviction not final until "appellate court's mandate of affirmance becomes final").

In Rocha's case, the mandate was issued by the Court of Criminal Appeals of Texas on October 2, 2015, which is when the Court of Criminal Appeals of Texas issued the mandate in Rocha's state appellate case after refusing Rocha's Petition for Discretionary Review (hereinafter "PDR"). *See* Exh. A, Mandate of the Court of Criminal Appeals of Texas (dated Oct. 12, 2015). Because Rocha's federal habeas petition was filed on March 7, 2015, nearly *seven months before* the mandate issued in his appellate matter, his § 2254 petition is clearly timely. *Compare* Exh. F, Rocha's § 2254 Petition (filed Mar. 17, 2016), *with* Exh. A, Mandate of the Court of Criminal Appeals of Texas (dated Oct. 12, 2015).

### C.   Rocha's Petition Satisfies the Exhaustion Doctrine

Likewise, Rocha's federal § 2254 petition complies with the exhaustion doctrine, despite Respondent's contentions to the contrary. On page 6 of its response, the Government alleges that Petitioner has not fully exhausted the remedies available to him in State court, implying that Rocha was obligated to seek state post-conviction habeas review. Despite this, Petitioner did in fact fully exhaust all remedies available to him on direct appeal.

Insofar as the Government is implying that Petitioner failed to exhaust all State remedies by not filing a habeas petition in state court, Petitioner would respond that the state exhaustion doctrine does not require petitioners such as Mr. Rocha to seek collateral review in State court prior to seeking federal habeas review. This is especially true in light of the strict one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which imposes a strict, one-year limit for the filing of a habeas petition seeking to challenge a state conviction. 28 U.S.C. § 2254.

Assuming that the contrary were true, petitioners like Rocha would never be able to avail themselves of federal habeas relief to challenge a state conviction, because collateral and collateral relief, *e.g.*, state habeas relief, would literally needlessly add years to the state process and thousands of dollars in legal fees, just to give the state courts a second chance to consider claims that they had already denied on the merits. *See Foreman v. Dretke*, 383 F.3d 336, 338, 340 (5th Cir. 2004) (held AEDPA provides federal habeas petition one year from to file habeas petition from date the state conviction becomes final, which occurs at conclusion of state's direct review process, and noting that timely-filed PDR is part of the direct review process in Texas); *see also Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed. Appx. 605, 608-09 (6th Cir. 2013) (state conviction is final under AEDPA where direct state review is completed or the time for seeking it expires). Because of this, Rocha was only required to exhaust his *direct* state appeals and not his collateral appeals or other indirect post-conviction relief, such as state writs of habeas corpus. *See*, *e.g.*, *West v. Allen*, 868 F. Supp. 2d 1224 (N.D. Ala. 2011) (AEDPA one-year limit began to run at completion of direct review in state courts).

This is because, in order to exhaust all state court remedies, a federal habeas petitioner only needs to have made the state courts, including the highest state court in Texas, aware of his federal,

constitutional arguments. *See Mason v. Allen*, 605 F.3d 1114, 1122 n.5 (11th Cir. 2010) (exhaustion only requires petitioner to make state courts aware that the claims asserted present federal constitutional issues); *see also Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) (exhaustion requires assertion of federal constitutional issues so as to make state courts aware of them, but mere assertion of facts necessary to support such a claim without assertion of legal argument does not make state courts sufficiently aware of federal issues), *followed by Nickelson v. Stephens*, 803 F.3d 748, 753 (5th Cir. Tex. 2015).

Stated otherwise, "the exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Furthermore, in order to make the state courts sufficiently aware of a federal constitutional claim, "all the facts necessary to support the federal claim" must have been presented to the state courts. *Jennings v. Stephens*, 537 Fed. Appx. 326, 337 (5th Cir. 2013).

Here, Rocha clearly cited Fourth Amendment jurisprudence as a legal basis for his argument and presented sufficient and necessary factual allegations to assert a Fourth Amendment claim for suppression of the evidence, which clearly alerted the state courts, both at the trial and appellate levels, that Rocha was asserting a federal constitutional issue. *See* Exh. B, Trial Motion to Suppress; *see also* Exh. C, 5 Trial Court Reporter's Record (hereinafter "R.R.") at 119-20, 122-23 (arguing that U.S. Supreme Court precedent was selectively incorporated under the Fourteenth Amendment to apply to states and contending officer's detention of Rocha violated Fourth Amendment); Exh. D, Opinion of the First Court of Appeals of Texas at 2, 8-9, 11, *published at Rocha v. State*, 464 S.W.3d 410 (Tex.Cr.App. 2015) (addressing Rocha's federal constitutional claims under the Fourth Amendment).

Moreover, Rocha's factual assertions giving rise to his federal constitutional claim under the Fourth Amendment were neither implicitly nor explicitly rejected by his criminal trial court, due to the perfunctory manner in which the trial court denied Rocha's suppression motion. *See* Exh. C, 5 R.R. at 125 (trial motion to suppress denied with a simple "I am going to deny your Motion to Suppress."). Ostensibly, the trial court denied Rocha's suppression motion based on facts alleged in State's oral argument in support of reasonable suspicion. *Id.* at 123-25 (State lists various facts in support of reasonable suspicion, including officer's experience in high-crime area, defendant sitting in parked car for five to ten minutes, no one was getting into or out of car, and headlights were on, but no mention of window rolled down).

Noticeably, not only did the trial court deny Rocha's suppression motion without ever mentioning or asking about whether the windows were rolled up or down, but also, the State's argument noticeably *left out* the issue whether the window was up or down, focusing instead on the fact Rocha sat in a parked car for five to ten minutes in what the detaining officer subjectively deemed high-crime area. *Id.* at 124. Thus, these are the only facts on which the state trial court could have relied even in making any implicit findings of fact necessary for reasonable suspicion.

Therefore, this Court should presume the state trial court's determination of reasonable suspicion is premised solely on those facts made clear by the trial court, *i.e.*, a Hispanic defendant's mere presence in a purportedly high crime area for five to ten minutes in a parked vehicle is sufficient to give rise to reasonable suspicion—a conclusion rife with the possibility of implicit racial bias.

Furthermore, the state appellate courts in which Rocha further asserted his federal constitutional claims were obviously prohibited from making factual findings of their own.

*Robinson v. State*, 466 S.W.3d 166, 172 (Tex.Cr.App. 2015)[*] ("[N]o statute authorizes findings of fact and conclusions of law after a bench trial in a criminal case."). Additionally, when the last court rendering judgment affirms without explanation, a federal habeas court should presume that it rests on the same reasoning stated in the last reasoned decision in this case. *Mason v. Allen*, 605 F.3d at 1118 n.2. Indeed, that is precisely what happened here, as the Court of Criminal Appeals of Texas refused to grant a Petition for Discretionary Review without issuing a written decision. *See* Exh. E, Notice from Court of Criminal Appeals of Texas Refusing Rocha's Petition for Discretionary Review.

Accordingly, Rocha's federal § 2254 petition complies with the exhaustion doctrine, because Rocha *actually did* exhaust his state appeals and he was not required to obtain state collateral review, such as by way of state writs of habeas corpus.

### III. Summary Judgment Is Inappropriate, Because Respondent's Rule 56 Motion Is Inapposite to Rocha's Claim That the State Court's Clearly Erroneous Conclusions of Law Unreasonably Applied Clearly Established Federal Law

Next, Respondent claims in its response to Rocha's § 2254 petition, that Respondent is entitled to summary judgment based on Respondent's assertion that there is no genuine issue of material fact and that it would be entitled to judgment as a matter of law. To support this defense, Respondent contends that 28 U.S.C. § 2254(e)(1) requires federal courts performing habeas review of state convictions to presume the trial court's findings were correct.

However, summary judgment is wholly inappropriate here, because Respondent's Rule 56 motion presupposes that Rocha's § 2254 petition merely seeks to challenge the Texas trial court court's findings of fact. Instead, and as argued hereinabove, Rocha's federal habeas petition

---

[*] It is noteworthy that Justice Newell, who delivered the opinion of the Court of Criminal Appeals in *Robinson v. State*, materially participated in Rocha's case at the First Court of Appeals as the Counsel for the State of Texas prior to his placement as a Justice on the Court of Criminal Appeals on January 1, 2015.

challenges the state court's conclusions of law—specifically, the trial court's conclusion that reasonable suspicion to detain existed. *See* Exh. F, Rocha's § 2254 Petition at 6 ("The detaining officer's search of Petitioner's person and vehicle were violated [sic] Petitioner's federal constitutional rights, including his Fourth and Fifth Amendment rights.").

## A. Trial Court Failed to Make Finding of Fact as to Rocha's Window and Instead Deemed Reasonable Suspicion Existed Due to Rocha's Presence in High-Crime Area

Specifically, Rocha challenges the state trial court's conclusion that the detaining officer in Rocha's criminal case had reasonable suspicion to detain Rocha, whereas even the police officer himself explicitly stated that he was operating under the assumption that he was engaging in a consensual encounter of Rocha. *Id.* Indeed, Rocha has consistently held this position through the course of his criminal proceedings, from trial through final direct appellate review at the Court of Criminal Appeals of Texas. *See* Exh. B, Trial Motion to Suppress; *see also* Exh. C, 5 R.R. at 119-20, 122-23 (arguing that U.S. Supreme Court precedent was selectively incorporated to apply to states and contending officer's detention of Rocha violated Fourth Amendment); Exh. D, Opinion of the First Court of Appeals of Texas at 2, 8-9, 11 (addressing Rocha's federal constitutional claims under the Fourth Amendment).

Perhaps what Respondent intended to argue is that the "presumption of correctness" applies to a criminal trial court's findings of fact that are implicit unarticulated in the trial court's conclusions of law where the factual findings are necessary to mixed questions of law and fact. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies not only to trial court's explicit factual findings but also to implicit factual findings necessary in mixed questions of law and fact). However, even if this were the case, summary judgment would be inappropriate because the criminal trial court's findings of fact were clearly erroneous.

Here, the trial court attempted to elucidate precisely which facts that the State was arguing gave rise to reasonable suspicion. *See* Exh. C, 5 R.R. at 124. For, if the trial court actually intended to concluded that Rocha's windows were partially rolled down, then the trial court obviously should have clarified such an important point; but it did not do so either implicitly or explicitly, as the State never even argued that the issue of whether the windows were rolled down was a factor for consideration in determining the existence of reasonable suspicion. *Compare* Exh. C, 5 R.R. at 86, 95, 155-56 (uncontroverted testimony that Rocha's windows were still rolled up when the detaining officer approached Rocha's vehicle with his weapon drawn), *with* Exh. C, 5 R.R. at 8, 15 (detaining officer's vague testimony regarding Rocha's window that "I can't remember exactly [if it was] all the way up or all the way down," and "I don't really remember when [Rocha] rolled it down completely."). The trial court's failure clearly to delineate its findings of fact on this important point, or even to make *any* findings of fact in denying Rocha's suppression motion, means that its ruling must be scrutinized based on the circumstances on the record as a whole.

Put another way, the trial court's implicit findings of fact—as well as the appellate court's "reinterpretation" of those findings—are necessary to its conclusions of law in denying Rocha's suppression motion are clearly erroneous, because they are not based on a reasoned analysis of the testimony. The key issue of material fact in Rocha's case—the fact implicit in the trial court's unarticulated conclusion of law necessary for its denial of Rocha's Trial Motion to Suppress— concerns whether the driver's side window of Rocha's vehicle was completely rolled up or was partially rolled down. *See* Exh. C, 4 R.R. at 39-40. Despite the officer's own admission that *even he* believed he was engaging in a consensual or "casual" encounter with Rocha, apparently, the trial court implicitly determined that Rocha's window was rolled down *before* the detaining officer approached the vehicle. *See* Exh. C, 4 R.R. at 37, 39-40 (testimony of detaining officer).

Essentially, this issue can be framed as follows: if Rocha's window was *still rolled up* before the officer commenced the encounter with Rocha when approaching the vehicle, then the officer <u>lacked</u> reasonable suspicion to detain Rocha—but if Rocha's window was already rolled down before the officer commenced the detention, then (according to the trial court) the detaining officer would have reasonable suspicion to detain Rocha and his passengers. In turn, the *factual* issue of when the detaining officer commenced his detention of Rocha requires an implicit *legal* determination as to whether the officer's actions of "wav[ing] or say[ing] hello" as he approached Rocha's vehicle constitutes a consensual encounter or a detention. Exh. C, 4 R.R. at 39-40.

## B.  First Court of Appeals Substituted Its Findings of Fact for Those of Trial Court

At trial and on appeal, Rocha has consistently contended that these actions amounted to a detention, due to the uncontested fact conceded by the detaining officer on cross-examination that the officer was pointing a mag-light and holding his firearm as he approached the vehicle. However, by the time that Rocha's case reached the first level of state appellate review, the First Court of Appeals had improperly substituted its own explicit findings of fact for those of the trial court to make up for the trial court's failure to make explicit findings of fact on the important point of whether Rocha's windows were rolled up or down. *Compare Rocha v. State*, 464 S.W.3d 410, 415 (Tex.App.—Houston [1st Dist.] 2015) ("Officer Cruz testified that he noticed the driver's window was partially open."), *with* Exh. C, 4 R.R. at 8, 15 (detaining officer's vague testimony regarding Rocha's window that "I can't remember exactly [if it was] all the way up or all the way down," and "I don't really remember when [Rocha] rolled it down completely."), *and* Exh. C, 5 R.R. at 123-24 (trial court's clear attempt to elucidate factual basis for reasonable suspicion did not tease out any assertion by the State that Rocha's window was even partially rolled down before officer approached it with weapon drawn).

As a result, the First Court of Appeals reframed this issue not as one of reasonable suspicion, but rather as an issue of the credibility of the defense's witnesses. *See* Exh. D, Opinion of the First Court of Appeals at 12 ("Although two of the passengers contested Officer Cruz's testimony that the window was rolled down as he approached, we defer to the trial court's determination of witness credibility where the record supports it, as it does here."). However, the trial court never once even examined or questioned the credibility of the defense's witnesses on this or any other issue, nor did it otherwise mentioned the term "credibility" or "credible" on the record at or before rendering its ruling on Rocha's Motion to Suppress. *See generally* Exh. C, 5 R.R. 76-107 (observe no mention of credibility of defense witnesses compared to detaining officer, *i.e.*, Officer J.P. Cruz).

## C. Both Federal and State Fourth Amendment Jurisprudence Holds that Mere Presence in a High-Crime Area Is Insufficient to Give Rise to Reasonable Suspicion

There are three distinct categories of interactions between police officers and citizens: encounters, investigative detentions, and arrests. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968) (discussing interactions between police and citizens). An investigative detention is permissible if the police officer reasonably suspects that the individual is involved in criminal activity. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (citing *Terry v. Ohio*, 392 U.S. at 21).

Reasonable suspicion exists where, under a totality of the circumstances, a detaining police officer can articulate specific facts and reasonable inferences therefrom that lead to the conclusion that the person detained has is, has been, or soon will be partaking in criminal activity. *Id.* Where the detaining police officer can establish probable cause that the vehicle contains evidence of a crime, the officer may conduct a warrantless search of the vehicle without violating the Fourth Amendment. *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994). However, if a detaining officer has no reasonable suspicion to detain a suspected criminal, any searches or

seizures resulting from detention of the suspect violate the individual's Fourth Amendment rights to be free from unreasonable searches and seizures. *Id.* The Fourth Amendment's touchstone is reasonableness, which is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 34 (1996).

In some circumstances, a detaining officer may briefly detain a suspect for questioning despite lacking "probable cause" to believe the suspect is involved in illicit conduct, as is required for a traditional arrest. *United States* v. *Brignoni-Ponce*, 422 U.S. 873, 880-81 (1975). *See also Terry* v. *Ohio,* 392 U.S. at 25-26 (same); *Brown v. Texas*, 443 U.S. 47, 51 (1979) (same). However, both under federal and Texas law, mere presence in an area with a reputation for high crime is simply not enough to justify an investigative stop or detention. *See also Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (defendant's presence in high-crime area is but one of many factors to be considered in the totality of the circumstances in determining existence of reasonable suspicion); *Brown v. Texas*, 443 U.S. at 51 (no reasonable suspicion where defendant was merely present in an area of expected criminal activity); *see also Cronin v. State*, No. 03-04-00266-CR, 2005 Tex. App. LEXIS 10450 at 10 (Tex.App.—Austin 2005) (released for publication Mar. 31, 2006); *Gurrola v. State*, 877 S.W.2d 300, 303 (Tex.Crim.App.1994) (held verbal argument by suspects in high-crime area may not serve as basis for investigative stop and amounted to unjustified detention).

Conversely, where other suspicious factors tending to indicate the presence of criminal activity are present, the detaining officer's suspicion is reasonable, and detention may be justified. *Illinois v. Wardlow*, 528 U.S. 123-24. Courts have held such factors to include the time and location of the encounter, whether the suspect matches the description from a report from a police dispatcher, and whether the individual's behavior conforms with any particular crime of which he is suspected. *Gurrola v. State*, 877 S.W.2d at 303-05.

In the present case, it is undisputed that Rocha was present for a short period of time in a parked Ford Explorer in the parking lot of his friend's apartment complex in Houston at approximately 8:30 p.m. As at least two witnesses testified at trial, there were no outward indications to an objective observer that any criminal activity had taken place. *See* Exh. C, 5 R.R. at 100-01 (testimony of Troy Greer, passenger in Rocha's vehicle). In essence, Rocha was arrested because he was merely present in the wrong place at the right time—something the trial court evidently was trying to sidestep. *See* Exh. C, 5 R.R. at 123-24 (observe trial court asked Counsel for State: "Okay. Let's say it's not a consensual encounter. What's the reasonable suspicion to temporarily detain to confirm or dispel any suspicions about criminal activity having taken place or about to take place? . . . Other than the high crime area."), *and* at 124-25 (observe trial court asked "You mean prior criminal activity that he had seen? This is consistent with prior criminal activity that he had seen?" to prod Counsel for State to assert that Rocha's outwardly innocent and lawful activities of remaining in a parked car with headlights on for five to ten minutes in a high crime area were consistent with detaining officer's experience on the property). To quote the Supreme Court's decision in *Brown v. Texas*:

> "The fact that appellant was in a neighborhood frequented by drug users, standing alone, is not a basis for concluding that appellant himself was engaged in criminal conduct. In short, the appellant's activity was no different from the activity of other pedestrians in that neighborhood."

443 U.S. 47, 52 (1979). Likewise, even assuming the detaining officer's testimony is true, *i.e.*, that Mr. Rocha was merely in a neighborhood allegedly frequented by drug users and that he was parked in his car for a few moments, this fact by itself gave no outward indication to the detaining officer that Rocha was engaged in criminal conduct. *Compare id.*, *with* Exh. C, 5 R.R. 100-01

(uncontroverted testimony from Troy Greer that Rocha and his passengers did not engage in any visibly illegal activity, such as smoking marijuana, fighting, playing loud music, displaying firearms, or even parking illegally), *and* Exh. C, 5 R.R. 50-51 (testimony from detaining officer admitting lack of any outwardly visible misconduct), *and* Exh. C, 5 R.R. 83 (uncontroverted testimony from Tristan Greer that no one in the vehicle detained was engaged in illegal activity).

In short, the activity of Rocha, like the defendant in *Brown*, was no different from the activity of any other law-abiding citizens in the neighborhood. Yet, the trial court inexplicably arrived at the conclusion that Rocha's detention was justified essentially by his mere presence for a short period of time in an area of high criminal activity. Exh. C, 5 R.R. 123, 125 (apparent basis of trial court's denial of Rocha's Motion to Suppress). At the very least, the trial court's conclusions on this point are contrary to federal Fourth Amendment precedent, and at most, it is an unreasonable application of federal precedent insofar as the trial court's conclusion that the detaining officer had reasonable suspicion to detain Rocha was an unreasonable application of *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (defendant's presence in high-crime area is but one of many factors to be considered in the totality of the circumstances in determining existence of reasonable suspicion), and related federal jurisprudence.

Even assuming *arguendo* that the First Court of Appeals were correct that the state trial court implicitly found that the windows were rolled down before, this would require the trial court to have found that the detaining officer's vague and hesitant testimony somehow outweighed the lucid, unequivocal testimony of Rocha's witnesses that the windows were rolled all the way up before the detaining officer commenced he detention of Rocha and his passengers. *Compare* Exh. D, Opinion of the First Court of Appeals at 12 (observe appellate court purports to "defer" to trial court's determination of witness credibility without citing to record for support), *with* Exh. C, 5

R.R. 155 (Rocha's windows were rolled all the way up and not even cracked prior to officer approaching Rocha's vehicle with weapon drawn).

Accordingly, the findings of fact of the state courts, including both the implicit factual findings of the trial court as well as the de novo findings of fact of the state appellate court concerning credibility, were clearly erroneous and unreasonably applied clearly established federal jurisprudence on the Fourth Amendment.

### D. Rocha's Has Rebutted State Court's Factual Findings As Clearly Erroneous, So Respondent's Motion for Summary Judgment Under Rule 56 Should Be Denied

Finally, Respondent asserts that under Fifth Circuit precedent, Petitioner has the burden to rebut the state court's factual findings pursuant to the AEDPA when movant moves for summary judgment under Rule 56. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (concerning summary judgment in habeas proceedings under FED.R.CIV.P. Rule 56(c)), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004). But this does not dispose all the issues raised by Petitioner's habeas petition here.

Specifically, Petitioner has consistently asserted that the state court, especially the trial court, committed legal error and abused its discretion in concluding that the officer who detained him had reasonable suspicion and was thus legally justified in detaining him. As asserted hereinabove, the state appellate courts in which Rocha further asserted his federal constitutional claims were plainly prohibited from making factual findings of their own. *Robinson v. State*, 466 S.W.3d 166, 172 (Tex.Cr.App. 2015) ("[N]o statute authorizes findings of fact and conclusions of law after a bench trial in a criminal case."). Despite this, the First Court of Appeals nonetheless engaged in effectively *de novo* fact finding by repositioning the state trial court's conclusions of law as having pertained to credibility determinations of the defense's witnesses.

Furthermore, Rocha still has three other grounds of review, all of which were timely and exhausted at the state level, which do not directly contest the factual findings of the state trial court. First, the trial court's refusal to hear Rocha's Pretrial Motion to Suppress resulted in a denial of his federal constitutional rights, including his right to Due Process under the Fifth Amendment, which in turn would enable Rocha to assert his rights under the Fourth Amendment. Exh. F, Rocha's § 2254 Petition at 8. Second, the trial court violated Rocha's right to Due Process by allowing re-prosecution of his criminal case where the State had abused the lawful criminal process by dismissing and immediately refiling the criminal charge against Rocha in order to avoid announcing "not ready" for trial, as well as to avoid having the case heard by a visiting judge who had ordered that Rocha's Pretrial Motion to Suppress proceed to a hearing and who might not view the State's case as favorably. Exh. F, Rocha's § 2254 Petition at 9. Third, Rocha plainly contended in his § 2254 petition that the trial court's denial of his request for a jury instruction effectively resulted in the denial of his federal constitutional right to Due Process. Exh. F,  Rocha's § 2254 Petition at 11.

In short, Rocha has met his burden under the AEDPA of rebutting the state court's clearly erroneous factual findings to the extent that they are implicit but unarticulated in the state court's conclusions of law, and those conclusions in themselves are either contrary to, or involve unreasonable applications of, clearly established federal law, *i.e.*, Fourth Amendment jurisprudence. Moreover, Respondent's Rule 56(c) motion does not even reach all of Rocha's claims to relief under § 2254. Accordingly, Respondent's Motion for Summary Judgment under Rule 56(c) should be denied.

**IV.     Dismissal of Rocha's § 2254 Claim Is Improper, Because Rocha's Claim Challenges Trial Court's Conclusions of Law on Rocha's Fourth Amendment Violations**

Finally, Respondent claims on page 7 of its response to Rocha's § 2254 petition that Rocha has failed to state any well-pleaded factual allegations, and thus according to Respondent, Rocha has failed to state a claim upon which can be granted.

In order to state a claim for relief under § 2254, a federal habeas petitioner seeking to challenge his state court criminal conviction must establish that the state courts' decision was either contrary to clearly established federal law or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Here, in the Fourth Amendment context, a well-pleaded § 2254 petition must establish how the habeas petitioner's Fourth Amendment rights were violated in order to satisfy the pleading standards. *See generally Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (on motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face" and that "raises a right to relief above the speculative level . . . .").

Here, Rocha asserted in his § 2254 petition specific facts in support of his claims with such particularity that they "raise a right to relief above the speculative level." Specifically, Rocha has consistently asserted the following facts: (1) Rocha was merely sitting in his parked vehicle in the parking lot of an apartment complex at the time of the detention; (2) the detaining officer, who was an off-duty Houston police officer, approached Petitioner's vehicle; (3) when the detaining officer approached Rocha's vehicle, the officer did so with his gun drawn and with a bright flashlight in hand; (4) at the time of the encounter, Rocha had not been engaging in any outwardly illegal conduct; and (5) the officer did not note anything other than that Rocha was sitting in a running vehicle in what the officer described as a high crime area. Exh. F, Rocha's § 2254 Petition at 6.

Rocha would further respond that because these facts, which were raised in Rocha's § 2254 petition, raise a right to relief that is plausible and not merely speculative, the petition satisfies the pleading standards and puts Respondent on notice of the factual bases of Rocha's claims, despite Respondent's contentions to the contrary. Therefore, Respondent's Rule 12(b)(6) motion should be dismissed, and Rocha's § 2254 petition should be allowed to proceed on the merits.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner would respectfully request that the Court (1) conclude that this Court has subject matter jurisdiction because Rocha is in Respondent's constructive custody, and Rocha has satisfied the AEDPA's requirements of exhaustion and timeliness, (2) deny Respondent's Rule 12(b)(6) Motion to Dismiss based on these conclusions and the fact that Rocha has raised a claim to relief that is more than merely speculative, (3) deny Respondent's Rule 56 Motion for Summary Judgment made under AEDPA due to the fact that Rocha's § 2254 petition challenges the state trial court's clearly erroneous legal conclusions, and (4) permit Rocha's habeas petition to proceed on the merits, as well as grant any other relief the Court deems proper. Respectfully submitted this 20th day of October, 2016.

    /s/  John M. Bray_____
John M. Bray
Counsel *Pro Hac Vice*
Texas Bar No. 24081360
OOSTERHOF & BRAY, PLLC
1910 Pacific Ave., Suite 13600
Dallas, Texas 75201
Tel: (214) 550-4664
Fax: (214) 550-4654
Email: john@oblawfirm.com

ATTORNEY FOR CESAR ROCHA

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I hereby certify that on this 20th day of October, 2016, a true and correct copy of the above and foregoing **PETITIONER'S BRIEF IN RESPONSE TO RESPONDENT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**, as well as any and all attachments thereto, was served on all parties of record by electronically filing the same with the Court using the Court's CM/ECF system, and where applicable via hand-delivery, including on the following parties:

F. CLINTON GAMBILL, II
Sr. Assistant County Attorney
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5136
Fax: (713) 755-8924

ATTORNEY-IN-CHARGE FOR
SHERIFF RON HICKMAN


 /s/ John M. Bray_____
John M. Bray
Texas Bar No. 24081360