UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR ADOLFO ROCHA MORENO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-714 |
| | § | |
| RONALD HICKMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

**I.   INTRODUCTION**

The petitioner, Cesar Adolfo Rocha Moreno, seeks a writ of habeas corpus challenging his conviction for possession of marijuana, pursuant to under 28 U.S.C. § 2254. The respondent, Ron Hickman, has answered with a motion to dismiss or in the alternative motion for summary judgment. In this regard, the respondent argues that the petitioner has failed to state a claim for which relief could be sought as required by Fed. R. Civ. P. 8(a). After considering the pleadings, the state court records, and applicable law, the Court determines that the respondent's motion for summary judgment should be granted and the petitioner's case should be dismissed for the reasons that follow.

**II.   BRIEF FACTS**

On February 4, 2010, at approximately 8:30 p.m. Officer JP Cruz was working an extra job at 9303 Woodfair in Houston, Texas. He observed an occupied vehicle that was parked with the engine running. Officer Cruz approached the vehicle and the petitioner rolled down the window and greeted him. Officer Cruz smelled a strong odor of marijuana coming from inside of the vehicle and requested that the petitioner step out of the vehicle. At that point, he handcuffed the petitioner. The petitioner admitted having "a little weed" inside the center

console of his vehicle. However, when Officer Cruz opened the center console, he observed a large plastic Ziploc bag containing 25 individual baggies filled with a green leafy substance. He then placed the petitioner under arrest for possession of marijuana.

The trial court found that the surrounding circumstances gave Officer Cruz reasonable suspicion to search the petitioner's vehicle and denied the petitioner's motion to suppress. A jury convicted the petitioner on September 11, 2013. The petitioner was released in October, after serving 135 days of confinement. The petitioner appealed the trial court's decision, however, the appellate court affirmed the trial court's ruling. On March 17, 2016, the petitioner filed this federal petition for writ of habeas corpus. On September 8, 2016, the respondent filed a motion to dismiss the petition or in the alternative motion for summary judgment. On October 20, 2016, the petitioner filed a response to the respondent's motion.

### III. PARTIES' CONTENTIONS

#### A. *The Petitioner's Contentions*

The petitioner alleges that the officer's search of his person and vehicle violated his federal constitutional rights under the Fourth and Fifth Amendments. He also asserts that the trial court's denial of his mot ion to suppress violated his Fourth and Fifth Amendment rights. Additionally, he contends: (a) the trial court violated his "due process" rights by permitting the prosecutor to dismiss and immediately refile the criminal charge; (b) the trial court failed to give his requested jury instruction; and, (c) his writ is still viable, even though he completed his sentence because his freedom and liberty are restricted by a threat of deportation[1].

---

[1] Other claims asserted by the petitioner are subsumed in his claims regarding the search, due process and jury instruction. They need not be stated individually here because of the disposition of the case.

### B. The Respondent's Contentions

The respondent denies the petitioner's allegations and asserts that: (1) the Court is without subject matter jurisdiction because the petitioner is not in custody as required by 28 U.S.C. § 2254; (2) the petitioner failed to plead facts that state a claim to relief that is plausible on its face as required by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); (3) the petitioner failed to file his habeas corpus petition in a timely manner as required by 28 U.S.C. § 2244(d) and; (4) the petitioner failed to exhaust all of the remedies provided by state law required by § 2244(b)(1)(c). Accordingly, the respondent requests that the petitioner's habeas relief be dismissed with prejudice, alternatively that the respondent's summary judgment be granted.

## IV. STANDARD OF REVIEW

### A. Summary Judgment

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases). Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the

light most favorable to the nonmoving party. *See Id.* Thus, the Court may not construe the facts in the state petitioner's favor where the prisoner's factual allegations have been adversely resolves by express or implicit findings of the state court, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness in 28 U.S.C. § 2254(e)(1) should not apply. *See Marshall v. Lonberger,* 459 U.S. 422, 432 (1983); *Sumner v. Mata,* 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996) *aff'd,* 139 F.3d 191 (5th Cir. 1997).

Summary judgment can be applied to habeas corpus cases, but only to the extent that the rule is consistent with Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA allows a court to grant summary judgment *sua sponte,* without notice to the petitioner, provided that the petitioner is not disadvantaged by this action. *Dillard v. Blackburn*, 780 F.2d 509, 515-16 (5th Cir. 1986). The petitioner is not disadvantaged when the petition "can be resolved on issue that are fully determinable from the law." *Dillard*, 780 F.2d at 515.

### B.      *Subject Matter Jurisdiction*

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief "only for persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488 (1989). The "in custody" requirement is a jurisdictional prerequisite. *Id.* A person is considered to be in physical custody if he is being physically detained. However, one can be deemed "in custody" if he is conditionally released with restraints on his personal liberty. *Jones v. Cunningham*, 371 U.S. 236 (1963). However, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient

to render an individual in custody for purposes of a habeas claim. *Maleng v. Cook*, 490 U.S. 488 (1989).

## V.     ANALYSIS AND DISCUSSION

The petitioner argues that this Court has subject matter jurisdiction because the petitioner is in "constructive custody" under both federal and Texas Law. The Court finds this argument unavailing. For the Court to have subject matter jurisdiction, the petitioner must be in "custody" at the time he filed his habeas petition as required by § 2241(c)(3). A person is considered to be in physical custody if he is being physically detained. Therefore, one cannot be deemed in constructive custody unless he is conditionally released with restraints on his personal liberty. *Jones*, 371 U.S. 236 (1963). In the case at bar, the respondent's evidence establishes that he was unconditionally released from custody in October 2013, because he had satisfied the conditions of his state sentence. As a result, he cannot satisfy the custody requirements of § 2241(c)(3).

## VI.     CONCLUSION

After considering the factual findings, the case law and record the Court determines that the respondent's motion to dismiss should be Granted and the case Dismissed. Therefore the respondent's motion to dismiss is GRANTED. The petitioner's Writ of Habeas Corpus is DISMISSED.

## VII.     CERTIFICATE OF APPEALABILITY

Petitioner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")

A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered each of the petitioner's claims. While the issues raised are clearly important and deserving of the closest scrutiny, this Court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such precedents, the petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* § 2253(c)(2).

It is so Ordered.

SIGNED on this 29th day of June, 2017.

Kenneth M. Hoyt
United States District Judge